# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| SAMMY JOHNSON, <br><br> v. <br><br> ONSHORE QUALITY CONTROL SPECIALISTS, LLC <br><br> and <br><br> MICHAEL MANESS, <br><br> v. <br><br> ONSHORE QUALITY CONTROL SPECIALISTS, LLC | **Case No.** |

## EMERGENCY PETITION TO ENFORCE SUBPOENA
## ISSUED BY AAA ARBITRATOR HON. CATHERINE STONE

Claimants Sammy Johnson and Michael Maness ("Claimants") request the Court enforce the subpoena issued by AAA Arbitrator Hon. Catherine Stone to Mr. Eddie Hooks for attendance at the final hearing of the arbitral proceedings against Respondent Onshore Quality Control Specialists, LLC ("Onshore"). As the hearing starts February 8, 2022, Claimants request emergency relief to ensure Mr. Hooks appears as noticed. Claimants allege the following:

## PARTIES

1. Claimants Johnson and Maness are former employees of Onshore.

2. Onshore is a Texas corporation engaged in staffing its employees to various jobs around the country.

3. Onshore's (now owned by Workrise Technologies Inc.) principal place of business is located in Austin, Texas.

## JURISDICTION AND VENUE

4. This is a proceeding to enforce a subpoena for final hearing attendance arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7.

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the underlying arbitration involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the hearing will be conducted in Austin, Texas (via Zoom) and under 28 U.S.C. § 1391(b)(1) and because Respondent Onshore maintains its headquarters in this District.

7. Venue is also proper because Mr. Hooks resides within 100 miles of this District and Division.

## THE UNDERLYING ARBITRATION

8. This subpoena arises from two arbitrations between Claimants and Onshore, styled *Johnson v. Onshore Quality Control Specialists, LLC*, AAA Case No. 01-19-0003-1458 and *Maness v. Onshore Quality Control Specialists, LLC*, AAA Case No. 01-19-0003-1988 (the "Arbitrations").

9. In the Arbitrations, Claimants allege, among other things, that they were illegally compensated under the FLSA and brought their action to recover unpaid overtime wages and other damages from Onshore. Claimants allege that instead of paying overtime as required under the FLSA, Onshore paid them a day rate with no overtime compensation.

## THE SUBPOENA TO EDDIE HOOKS

10. Arbitrator Catherine M. Stone issued a subpoena to Mr. Hooks for attendance at the upcoming final hearing on February 8 - February 10, 2022, at 2550 S IH 35 Frontage Rd. Suite 110, Austin, Texas, 78704.

11. Mr. Hooks is the previous owner of Onshore and possesses personal knowledge relevant to the Claimants' underlying allegations of Fair Labor Standards Act violations against Respondent Onshore.

12. On January 27, 2022, Arbitrator Stone issued the subpoena for Eddie Hooks (Exhibit 1). This subpoena required the appearance of Eddie Hooks at the arbitration hearing and to appear via Zoom.

13. Claimants used "Austin Process, LLC" to serve Eddie Hooks with his subpoena. It was served on January 31, 2022. (Exhibit 2).

14. Mr. Hooks instead mailed his subpoena and witness fee back to Claimants' counsel. It was received by Claimants' counsel on February 3, 2022. (Exhibit 3).

15. The final hearing subpoena that was directed to and served on Mr. Hooks complies with Federal Rule of Civil Procedure 45 and Texas Rule of Civil Procedure 176.

16. Claimants' counsel attempted to reach Mr. Hooks, both by phone at the number provided by Onshore, and by text message. Mr. Hooks did not respond to either.

## THE SUBPOENA IS NOT UNDULY BURDENSOME

17. Claimants assume Onshore will object to Mr. Hooks complying with the arbitration subpoena as he is retired and thus no longer working for Onshore or in their control. Yet Mr. Hooks is a necessary witness to the Arbitrations given his role in the decision to classify Claimants as exempt from overtime pay under the FLSA. The Parties do not possess evidence of his decision-making process, and the tribunal would benefit from his testimony when rendering its determination as to the legality of Onshore's compensation policies.

18. Furthermore, Onshore does not have standing to object on behalf of Mr. Hooks. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

19. Claimants further assume that Mr. Hooks will object to complying with the arbitrations subpoena as he will say he is retired and no longer connected to the company. Claimants are not asserting any claims against Mr. Hooks personally. He has no liability in this case. Furthermore, as his presence will be over Zoom, there is minimal burden to him to appear.

## MR. HOOKS PREVIOUSLY FAILED TO HONOR A SUBPOENA

20. In a previous arbitration against Onshore on substantially similar issues, Mr. Hooks also returned his subpoena and witness fee to counsel. (Exhibit 4).

21. Despite Mr. Hooks not being present, Onshore relied on other individuals' testimony about Mr. Hooks's decision making process in classifying Onshore's employees as exempt from overtime pay.

**WHEREFORE**, Claimants respectfully request that this Court enter an Order:

A. Compelling compliance with the arbitration subpoena as provided in 9 U.S.C. § 7;

B. Ordering Eddie Hooks attend the final arbitration hearing via Zoom on February 8, 2022; and

C. Granting such other and further relief as may be appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Carl A. Fitz**
State Bar No. 24105863
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
cfitz@mybackwages.com

and

**Richard J. (Rex) Burch**

State Bar No. 24001807
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
710-877-8065 – Facsimile
rburch@brucknerburch.com

**Attorneys for Claimants**